In the Matter of SOL ROSENBLUTH, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, July 9, 1970.

*John G. Bonomi* of counsel (*Michael Franck* with him on the brief), for petitioner.

*Thomas J. Todarelli* and *Henry J. Boitel* of counsel (*Sabbatino & Todarelli,* attorneys), for respondent.

*Per Curiam.* Respondent was admitted to practice in the Second Judicial Department on December 16, 1953.

The Referee, appointed by this court, has found respondent guilty of six charges contained in the petitions of the Association of the Bar of the City of New York. These charges arise out of his neglect in the prosecution of three personal injury actions (Charges II, IV and V), and a medical malpractice action (Charge I), and a dispute arising out of an adoption proceeding (Charge VI). In the three instances involving personal injury actions the Statute of Limitations was permitted to expire and they are, therefore, now time-barred. In the adoption proceeding in the State of New Jersey respondent's neglect resulted in the adoption becoming final and incontestable, contrary to the expressed wishes of his client, the mother. In each of these five instances respondent misrepresented to his clients the status of, and actions taken, with regard to their matters. In addition, respondent was charged with failing to co-operate with the Committee on Grievances, in that he failed to submit a statement to the committee explaining his position in certain matters, as he had agreed to do. (Charge III).

Respondent urges, in mitigation, his alleged mental illness and domestic and financial difficulties. The minutes of the hearing indicate that, even if true, these difficulties had subsided long before his misbehavior underlying the last three charges lodged against respondent, as contained in the supplemental petitions. Moreover, respondent's psychiatrist testified that there was never any time during the treatment period when he felt that respondent was not capable of carrying on his responsibilities in the practice of law.

The reports of the Referee are confirmed. Respondent's inexcusable neglect of his clients' causes constitutes misconduct (*Matter of Sultan,* 26 A D 2d 210). "A proper regard for the protection of the public would indicate that respondent should be suspended from the practice of law for a period of " three years and until further order of the court. (*Matter of Parness,* 15 A D 2d 332, 333.) We do not take into consideration respondent's failure to co-operate with the Committee on Grievances, as set forth in Charge III, in arriving at sanctions.

Respondent should be suspended for a period of three years.

Stevens, P. J., Eager, Capozzoli, Nunez and McNally, JJ., concur.

Respondent suspended for a period of three years, effective August 10, 1970.